# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | Case No. 24-54969-jwc |
| KELLY LANE EVANS, | Chapter 13 |
| Debtor. | |
| KELLY LANE EVANS and NANCY J. WHALEY, Chapter 13 Trustee for the Estate of Kelly Evans, | |
| *Plaintiffs/Counter-Defendants,* | Adv. Proc. No. 24-05140-jwc |
| v. | |
| ESTATE OF ALAN BETZ KAISER, II, by and through Lindsay Kaiser as Administratrix for the Estate, and KAISER HOMES, LLC, | |
| *Defendants/Counter-Plaintiffs.* | |

### PLAINTIFF KELLY EVANS' ANSWER AND
### AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

Plaintiff/Counter-Defendant Kelly Evans ("**Plaintiff**") files this Answer and Affirmative Defenses to Defendants/Counter-Plaintiffs' counterclaim filed August 21, 2025 [Dkt. 56] (the "**Counterclaim**"). All allegations are denied unless specifically admitted.

1

## COUNTERCLAIM

## COUNT I — BREACH OF CONTRACT

1. Paragraph 1 is the Defendants' incorporation by reference to which no response is required. To the extent a response is required, any allegations or statements in paragraph 1 of the Counterclaim are denied. Plaintiff incorporates by reference her Complaint and denies all remaining allegations of Count 1 not expressly admitted.

2. Plaintiff admits that Plaintiffs filed this action and that this Court has jurisdiction.

3. Paragraph 3 is denied, except that it is admitted that Ms. Evans and Mr. Kaiser signed the document titled Option Agreement dated January 27, 2018. Plaintiff denies that Mr. Kaiser ever exercised any option under that agreement or that the agreement has anything to do with the quitclaim deeds at issue in this case, all of which are dated more than a year later.

4. Plaintiff admits that paragraph 5 refers to factors relating to equity, but denies that the "Option Agreement Calculation" was ever associated with the "Option Agreement," denies that the purported "Option Agreement Calculation" was ever shown to Ms. Evans, and denies that it was ever part of, attached to, or associated with the "Option Agreement." Ms. Evans specifically denies ever seeing the unsigned "Option Agreement Calculation" while Mr. Kaiser was alive and denies that it was ever part of the "Option Agreement."

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is a legal argument to which no answer is required. To the extent a response is required, paragraph 11 is denied. Additionally, Plaintiff denies that Defendants are entitled to any damages or to recover anything under the Counterclaim.

## COUNT II — QUANTUM MERUIT

12. Paragraph 12 is the Defendants' incorporation by reference to which no response is required. To the extent a response is required, paragraph 12 of the Counterclaim is denied. Additionally, Plaintiff incorporates by reference her responses to paragraphs 1–11.

13. Plaintiff admits that Ms. Evans signed the "Option Agreement" in January 2018, but denies that it has any relevance to the quitclaim deeds at issue, all of which are dated in 2019, more than a year later.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Admitted that Mr. Kaiser made some payments to Ms. Evans and that Ms. Evans made some payments to Mr. Kaiser. Any allegation that such payments were pursuant to an agreement that Ms. Evans was transferring or transferred her interest in the Property to Mr. Kaiser is denied, as there was never any such agreement.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is a statement of Defendants' legal argument to which no answer is required. To the extent a response is required, paragraph 19 is denied. Plaintiff denies that Defendants are entitled to any damages or to any recovery under the Counterclaim.

## COUNT III — UNJUST ENRICHMENT

20. Paragraph 20 is the Defendants' incorporation by reference to which no response is required. To the extent a response is required, paragraph 20 of the Counterclaim is denied. Additionally, Plaintiff incorporates by reference her responses to paragraphs 1–19.

21. Paragraph 21 is denied.

22. Paragraph 22 is a statement of Defendants' legal argument to which no answer is required. To the extent a response is required, paragraph 22 is denied. Additionally, Plaintiff denies that any payments were ever made or intended to be in return for Ms. Evans's interest in the property and denies that Defendants are entitled to any damages or to any recovery under the Counterclaim.

23. Paragraph 23 is a statement of Defendants' legal argument to which no answer is required. To the extent a response is required, paragraph 23 is denied. Additionally, Plaintiff denies that any payments were ever made or intended to be made in return for Ms. Evans's interest in the property, denies that Ms. Evans was unjustly enriched, and denies that Defendants are entitled to any damages or any recovery under the Counterclaim.

## COUNT IV — PROPERTY HAD AND RECEIVED

24. Paragraph 24 is the Defendants' incorporation by reference to which no response is required. To the extent a response is required, paragraph 24 of the Counterclaim is denied. Additionally, Plaintiff incorporates by reference her responses to paragraphs 1–23.

25. Paragraph 25 is denied.

26. Paragraph 26 is a statement of Defendants' legal argument to which no answer is required. To the extent a response is required, paragraph 26 is denied. Additionally, Plaintiff denies that any payments were ever made or intended to be made in return for Ms. Evans's interest in the property, denies that the doctrine of money had and received applies to these facts, and denies that Defendants are entitled to any damages or any recovery under the Counterclaim.

Plaintiff denies that Defendants are entitled to any of the relief they request.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Without assuming any burden not imposed by law, Plaintiff asserts the following defenses to all counts of the Counterclaim. The house at issue is the Plaintiff's real property located at 1978 Clairmont Terrace in DeKalb County, Georgia (the "**Property**").

1. The Counterclaim fails to state a claim upon which relief can be granted, in that Defendants fail to state facts, or will be unable to prove facts sufficient to constitute a cause of action against Plaintiff and the Counterclaim should be dismissed. In particular, the Defendants will not be able to prove, even if alleged, any valid claim of ownership regarding the Property.

2. Unless the specific factual or legal allegation is directly admitted to, all factual and legal allegations contained in the Counterclaim are denied.

3. The Statute of Frauds (including O.C.G.A. § 13-5-30) bars any claim premised on an unwritten agreement concerning an interest in land.

4. The quitclaim deed was intended by both parties as a deed to secure debt, not as a transfer of Ms. Evans's ownership interest in the property.

5. If the quitclaim deed was not intended by both parties to be a deed to secure debt, there was not a sufficient meeting of the minds to form a contract.

6. The purported contract fails for lack or failure of consideration, indefiniteness, or lack or absence of essential terms.

7. If the quitclaim deed was not intended by Mr. Kaiser as a deed to secure debt, then it was procured by fraud and is unenforceable.

8. Parol evidence is admissible to show that both parties intended that the deed was only meant to be a deed to secure debt, because, among other things, Ms. Evans remained in possession of the property and continued to live in the house after the deed was signed.

5

9. The quitclaim deed was never delivered by Ms. Evans with the legally required intent to transfer her ownership interest in the house.

10. Both of the recorded quitclaim deeds at issue are forgeries. A forged deed is not enforceable against anyone.

11. The quitclaim deed(s) at issue were procured by fraud. As such, they are invalid and not enforceable against Ms. Evans.

12. The deeds are patently defective. They are facially invalid, and therefore unrecordable as a matter of law, because they were not attested by two witnesses as required by Georgia law.

13. The single quitclaim deed that was signed by Ms. Evans no longer exists. It was purposefully destroyed by Mr. Kaiser after he ruined it by signing his own name as a witness. This also reveals that there were no actual witnesses other than Mr. Kaiser when Ms. Evans signed it as "collateral" for a loan. The later addition of different purported witness signatures, therefore, is additional evidence that the deed was procured by fraud.

14. In addition, the doctrine of promissory estoppel applies to preclude any claims or recovery by the Defendants. Among other things, Mr. Kaiser later apologized for making Ms. Evans sign the unwitnessed deed in February 2019 to serve as "collateral" for a loan, especially a loan that ended up being less than $8,000 at most. Mr. Kaiser promised to cancel the deed and put things back the way they were, a promise which Ms. Evans reasonably relied on when she stayed in the relationship with him, continued to live with him, became engaged to him, and continued paying her half of the mortgage payments. Although Mr. Kaiser's untimely death occurred before he could carry out his promise, it is enforceable by Ms. Evans nonetheless under the doctrine of promissory estoppel.

15. Mr. Kaiser never exercised his option under the Option Agreement.

6

16. Any purported exercise of an option under the Option Agreement fails because of the failure of conditions precedent under the Option Agreement.

17. The Defendants may not recover from Ms. Evans because of the doctrine of unclean hands.

18. By operation of state law, when Mr. Kaiser died, the house was instantaneously and automatically owned entirely by Ms. Evans, because she and Mr. Kaiser were joint tenants with rights of survivorship.

19. Any ruling by the Court that the recorded quitclaim deeds are void, means that Ms. Evans has owned the Property, entirely, from the time of Mr. Kaiser's death. This occurs by automatic operation of state law, and a ruling would simply confirm that Ms. Evans's 100% ownership rights were automatically vested in her when Mr. Kaiser died. No additional action, further court order, or other action by the bankruptcy Chapter 13 trustee, for example, under 11 U.S.C. § 550, is required.

20. Of the parties, it is only Ms. Evans who is on the mortgage account with Mr. Cooper/Nationstar. Ms. Evans is not responsible for any mortgage payments made by Lindsay Kaiser or the Defendants after Mr. Kaiser's death, because Ms. Kaiser and the Defendants are officious intermeddlers who interfered in Ms. Evans's affairs without being asked or having a legal obligation to do so. In fact, the Defendants were specifically told to cease their interference over a year ago, and their continued effort to make payments on Ms. Evans's mortgage account behind her back constitutes officious intermeddling. This is true as a matter of law, and especially so considering that the unauthorized and specifically forbidden additional mortgage payments were made while Ms. Evans was making her Chapter 13 plan payments—which include her mortgage payments—to the Chapter 13 trustee.

21. The actions of Lindsay Kaiser and the Defendants violated the automatic stay under 11 U.S.C. § 362(a) and constitute willful stay violations under § 362(k). Among other things, the intermeddling actions of making additional unrequired and unauthorized mortgage payments on Ms. Evans's mortgage account were payments for a prepetition debt and they were made for the purpose of exerting control over property of the bankruptcy estate.

22. The doctrines of waiver and estoppel apply to any alleged money owed to Mr. Kaiser by Ms. Evans.

23. Setoff and recoupment apply to any potential recovery of the Defendants for damages to Ms. Evans caused by Lindsay Kaiser and the Defendants' representatives and agents, including damages for violations of the automatic stay under 11 U.S.C. § 362, and for any amounts otherwise owed to Ms. Evans by Mr. Kaiser or his estate.

Pursuant to Fed. R. Bankr. P. 7012(b), Plaintiff states that she does consent to the entry of final orders or judgment by the Bankruptcy Court.

**WHEREFORE**, Plaintiff Kelly Evans respectfully requests that the Court:

1. Dismiss the Counterclaim with prejudice;

2. Award costs and reasonable attorneys' fees to Plaintiff to the extent permitted by law and as provided for under the Option Agreement relied upon by the Defendants; and

[continued next page]

8

3. Grant such other, further, and different relief as the Court deems just and proper.

Respectfully submitted this 11th day of September, 2025.

          **FALLON LAW PC**

          */s/ Brad Fallon*
          Brad Fallon
          Georgia Bar No. 226335
          1201 W. Peachtree St. NW, Suite 2625
          Atlanta, Georgia 30309
          (404) 849-2199 | (470) 994-0579
          brad@fallonbusinesslaw.com

          *Attorney for Plaintiff/Counter-Defendant Kelly Evans*

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true and correct copy of the foregoing *Plaintiff Kelly Evans' Answer and Affirmative Defenses to Defendants' Counterclaim* to be electronically served using the Bankruptcy Court's Electronic Case Filing program (ECF), which sends a notice of this document and an accompanying link to this document to parties who have appeared in this case, including the following.

> Adam E. Ekbom
> Jones & Walden
> 699 Piedmont Avenue, NE
> Atlanta, Georgia 30308
> (404) 564-9300
> AEkbom@joneswalden.com
> *Counsel for Defendants*
>
> Julie M. Anania
> Staff Attorney for Nancy J. Whaley,
> Standing Chapter 13 Trustee
> 303 Peachtree Center Ave.
> Truist Garden Offices, Suite 120
> Atlanta, Georgia 30303
> (678) 992-1210
> janania@njwtrustee.com
> *Attorney for Plaintiff Nancy J. Whaley, Chapter 13 Trustee*

Dated: September 11, 2025          **FALLON LAW PC**

                                    */s/ Brad Fallon*
                                    Brad Fallon
                                    Georgia Bar No. 226335
                                    1201 W. Peachtree St. NW, Suite 2625
                                    Atlanta, Georgia 30309
                                    (404) 849-2199 | (470) 994-0579
                                    brad@fallonbusinesslaw.com

                                    *Attorney for Plaintiff Kelly Evans*

10